JACK E. KENNEDY, ESQ. #2127
CHRISTOPHER PHIPPS, ESQ. #3788
JACK E. KENNEDY & ASSOCIATES, P.C.
425 West Plumb Lane
Reno, NV  89509
Tel:  775-323-5225

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \* \*

| | |
|---|---|
| IRENE HUMPHREY, an individual, | CASE NO.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| CITY OF FERNLEY, a municipality, DOES 1-10, inclusive, | (38 U.S.C. § 4301, et seq.) |
| | **DEMAND FOR JURY TRIAL** |
| Defendants. | |
| _____ / | |

IRENE HUMPHREY, as and for a Complaint, hereby alleges as follows:

**JURISDICTION**

1.  This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5.

2.  Venue in this district is proper pursuant to 28 U.S.C. § 1391.

**PARTIES**

3.  At all times relevant hereto, Plaintiff IRENE HUMPHREY (HUMPHREY) is an individual residing in the City of Fernley, Lyon County, Nevada.

4.  At all times relevant hereto, Defendant CITY OF FERNLEY ("CITY") has been a "General Law City" organized under the laws of the State of Nevada. The CITY is an employer within the meaning of 42 U.S.C. § 2000e.

Jack E. Kennedy
& Associates, PC
425 West Plumb Lane
Reno, NV  89509
Tel.: (775) 323-5225
Fax: (775) 323-5666

1

S:\WP_WORK\071672\Federal Plds\COMPLAINT.City.final.doc

5.      Plaintiff is ignorant of the true names and capacities of defendants sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said "Defendant Employers" by such fictitious names.  Plaintiff reserves the right to amend the complaint to name the DOE defendants individually or corporately as they become known.  Plaintiff alleges that each of the defendants' names as DOES was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when same shall have been ascertained.

6.      All of the acts and failures to act alleged herein were duly performed by and attributable to Defendants, each acting as a successor, agent, employee or under the direction and control of the others, except as specifically alleged.

7.      HUMPHREY, a 36 year old female, was formerly employed as a "Maintenance Helper" with the City of Fernley Parks & Recreation Department in Fernley, Nevada.  She began working for the City of Fernley in or about July of 2005.

8.      At all times relevant hereto, KEITH PENNER ("PENNER"), was the CITY's Parks & Recreation Director, a management employee, and one of HUMPHREY's supervisors.

9.      Prior to being employed by the CITY, PENNER had been employed by the State of Nevada. He was asked to resign his employment with the State after being convicted of misdemeanor battery and disturbing the peace, for his overt sexual conduct and advances towards two female subordinates, Amy Bray and Michelle Roberts, in August 2003.

10.     At all times relevant hereto, SANDY DAVIS ("DAVIS") was the CITY's Operations & Projects Coordinator, a management employee, and one of HUMPHREY's supervisors.

11.     Shortly after DAVIS began working for the CITY, PENNER and DAVIS began to make rude, derogatory and sexual comments to HUMPHREY, as well as other female employees including Jennifer Durham, both in person and on the walkie-talkies used by Fernley employees.

Jack E. Kennedy
& Associates, PC
425 West Plumb Lane
Reno, NV 89509
Tel.: (775) 323-5225
Fax: (775) 323-5666

2

S:\WP_WORK\071672\Federal Plds\COMPLAINT.City.final.doc

12. PENNER sexually propositioned HUMPHREY in the summer of 2005. PENNER threatened HUMPHREY with loss of her job if she did not submit to his advances, but promised her a full-time position if she complied.

13. HUMPHREY is a single mother of three children who must work to support her children and herself.  Because she was in fear of losing her job and being unable to support her children, HUMPHREY involuntarily submitted to PENNER's sexual demands.  While she was at work, PENNER approached HUMPHREY in a City of Fernley maintenance shed and then had sexual intercourse with her in the shed.

14. In September 2005, HUMPHREY was sexually propositioned by DAVIS, who also threatened her with loss of her job and promised her a full-time job in Vector Control if she complied.

15. Again, in fear of losing her job and being unable to support her children, HUMPHREY involuntarily submitted to his sexual demands in early September 2005. While she was at work, DAVIS took HUMPHREY to a desert area where the City of Fernley sprays insecticide, and then had sexual intercourse with her.

16. DAVIS was always rude to HUMPHREY, calling her "Blondie" and refusing to refer to her by name.

17. After submitting to PENNER and DAVIS' sexual demands, neither arranged to have HUMPHREY become a full-time employee.  PENNER told HUMPHREY that a man was needed for the full-time position he offered.  DAVIS told HUMPHREY she did not have enough experience with Vector Control, and that he was hiring recent college graduates with science degrees for that position.  DAVIS has no college degree.

18. PENNER and DAVIS have continued to make sexual remarks and engage in rude and intimidating behavior toward HUMPHREY.

/ / / /

/ / / /

Jack E. Kennedy
& Associates, PC
425 West Plumb Lane
Reno, NV  89509
Tel.:  (775) 323-5225
Fax:  (775) 323-5666

3

S:\WP_WORK\071672\Federal Plds\COMPLAINT.City.final.doc

19. Notwithstanding the earlier conditions put on his sexual demands, PENNER has removed HUMPHREY from her position in the parks and instead made her a janitor at Fernley City Hall, where his office is located.

20. Notwithstanding the earlier conditions put on his sexual demands, DAVIS later told HUMPHREY that his advances had nothing to do with work and stated "let's keep this outside of work."

21. For at least five months DAVIS went to HUMPHREY's home in the evening two or three times a week in 2005 and 2006, sometimes arriving when she was with her children in the front yard of the house. At these times DAVIS would insist that HUMPHREY should go to his house or "go out" with him. HUMPHREY did not allow DAVIS to enter her home at these times.

22. DAVIS has also gone to HUMPHREY's home after work hours while obviously intoxicated. At these times he sexually propositioned her, swore at her, and touched or grabbed her arms.

23. John Mizzles, a co-worker, earlier had conversations with DAVIS in which DAVIS stated that because "no one wanted to step up to the plate [to have sex with HUMPHREY], he had to." DAVIS also pointed out to Mizzles the desert location where DAVIS and HUMPHREY had sex, and stated that was where DAVIS "had nailed" HUMPHREY.

24. On September 3, 2006, Mizzles, told HUMPHREY that since the time she was hired, DAVIS had been making statements to the effect that "some one needs to step up to the plate and do Blondie."

25. HUMPHREY was distressed and frightened to learn that DAVIS was speaking in this manner to her co-workers, and she became more fearful of him. By this time, HUMPHREY was working alone at night at Fernley City Hall, and she was apprehensive of contact with PENNER and DAVIS for fear they would force her into more unwilling sexual encounters.

Jack E. Kennedy
& Associates, PC
425 West Plumb Lane
Reno, NV 89509
Tel.: (775) 323-5225
Fax: (775) 323-5666

4

S:\WP_WORK\071672\Federal Plds\COMPLAINT.City.final.doc

26. DAVIS' sexually harassing behavior toward other female CITY employees has been the subject of complaints to the CITY.

27. HUMPHREY did not initially report the incidents with PENNER and DAVIS, including the unwanted visits to her home, because she was fearful of losing her job. HUMPHREY reported the sexual encounters and other incidents of harassment to Ed Lefebvre, Maintenance Supervisor, by telephone, on Sunday, September 3, 2006. During that phone call, HUMPHREY told Lefebvre that Mizzles had conversations with DAVIS in which he was told that DAVIS had "nailed" HUMPHREY, and had pointed out the area where it had occurred.

28. It took Ed Lefebvre ten (10) days to put HUMPHREY's complaint in writing and then physically deliver it to the City Manager, Gary Bacock, who signed an acknowledged the document on September 13, 2006. See letter attached as EXHIBIT A.

29. On September 14, 2006, immediately after Lefebvre tendered HUMPHREY's complaint (which named Mizzles as a key witness) to the City Manager, Mizzles was terminated, confirming HUMPHREY's fears that her means of livelihood were in jeopardy.

30. The CITY failed to adequately investigate HUMPHREY's complaints or take steps to ensure her safety. Instead, the CITY assigned employees to scrutinize her work and assigned her even more undesirable work hours.

31. HUMPHREY filed a charge of discrimination with NERC/EEOC on September 15, 2006 as to the sexual harassment, hostile work environment and retaliation by PENNER and DAVIS.

32. HUMPHREY's EEOC charge was faxed to the City Manager Gary Bacock. Bacock attempted numerous times to interview HUMPHREY on September 15, 16 and 18 without her counsel present, although they were advised of counsel's availability on September 21 and 22, 2006.

Jack E. Kennedy
& Associates, PC
425 West Plumb Lane
Reno, NV 89509
Tel.: (775) 323-5225
Fax: (775) 323-5666

5

S:\WP_WORK\071672\Federal Plds\COMPLAINT.City.final.doc

33. In retaliation for engaging in this protected activity, her supervisor, Ed Lefebvre, advised her that her work schedule would be changed from 5:00 p.m. to 8:00 p.m. to the undesirable hours of 3:00 a.m. to 6:00 a.m., Sunday through Thursday.

34. On October 12, 2006, HUMPHREY received a memo from Lowell Patton, Acting City Manager, which stated that she was to work Monday through Friday from 4:00 a.m. to 7:00 a.m. and that "the 'flexible' nature of her work hours must cease immediately." On October 25, 2006, Humphrey was issued a letter requesting that she verify the hours she worked during the week of October 16, 2006 to October 20, 2006.

35. Lefebvre stated that the City's reason for changing her schedule was that the CITY wanted to prevent interaction between her and the alleged harassers, DAVIS and PENNER, about whom she complained in her first charge to the NERC/EEOC.

36. In February 2007, Jennifer Dunham, a new CITY employee, was sexually harassed by DAVIS. A formal complaint was filed with the Gary Bacock, the CITY manager, the next work day.

37. In April, 2007, after having filed her second NERC/EEOC complaint, HUMPHREY learned from another City employee that there had been a mandatory meeting for Parks Department staff that morning at 7:00 a.m., at which the employees received a handout about another meeting for "All Parks Department Staff" which would occur on April 3, 2007. HUMPHREY was not informed of the original meeting and she did not receive a handout or instructions to attend the meeting for "All Parks Department Staff."

38. At the April 3, 3007 meeting, the other Parks Department staff received a memorandum regarding spring schedules. The memorandum listed the upcoming schedule for City Hall Janitorial Staff and Field Staff. HUMPHREY's name was not listed anywhere on the schedule for either category. The memorandum included a

Jack E. Kennedy
& Associates, PC
425 West Plumb Lane
Reno, NV  89509
Tel.: (775) 323-5225
Fax: (775) 323-5666

6

S:\WP_WORK\071672\Federal Plds\COMPLAINT.City.final.doc

signature page which was to be signed by each employee to verify its receipt. HUMPHREY's name was not on the signature page.

39. The "Field Staff" list did not include HUMPHREY's name of the names of any other female employees. In the year prior to HUMPHREY filing her sexual harassment claims, HUMPHREY had been a member of the Field Staff.

40. The City of Fernley continued to discriminate and retaliate against Humphrey. In June, 2007, again after having filed her NERC/EEOC complaint, Ed Lefebvre confirmed that HUMPHREY's schedule had been reduced to one hour per day, in spite of her multiple requests to be returned to full-time seasonal employment.

41. At or around the same time, Lefebvre's requests that HUMPHREY be returned to full time work were refused and other seasonal employees were hired instead.

42. Lefebvre stated under oath that the CITY Manager told him he was going to address HUMPHREY's return to seasonal employment, but instead ended up ignoring Lefebvre's and HUMPHREY's requests.

43. PENNER has admitted under oath that at the time he had sexual intercourse with HUMPHREY, and others, that he knew that he was infected with the virus for genital herpes, an incurable sexually transmitted disease.

44. Although fully aware of his infection, PENNER failed to advise HUMPHREY that he was infected with genital herpes at any time prior to or after his sexual intercourse with her.

45. HUMPHREY has since tested positive for genital herpes. There are no indications that HUMPHREY had contracted the disease prior to PENNER's sexual intercourse with her.

46. HUMPHREY timely filed charges of discrimination jointly with the Nevada Equal Rights Commission ("NERC") and Equal Employment Opportunity Commission ("EEOC") on September 15, 2006, November 24, 2006, April 11, 2007, and July 4, 2007.

Jack E. Kennedy & Associates, PC
425 West Plumb Lane
Reno, NV 89509
Tel.: (775) 323-5225
Fax: (775) 323-5666

S:\WP_WORK\071672\Federal Plds\COMPLAINT.City.final.doc

47. HUMPHREY has received "right to sue" letters from the Equal Employment Opportunity Commission on the first three of the four charges. See EXHIBIT B.

48. Accordingly, HUMPHREY, has exhausted her administrative remedies. HUMPHREY will supplement with the fourth right to sue letter when it is available in the next two months.

## FIRST CLAIM FOR RELIEF

## VIOLATIONS OF 42 USC § 2000e

49. HUMPHREY hereby incorporates by reference all preceding paragraphs of the Complaint as though fully set forth herein.

50. 42 USC § 2000e makes it an unlawful employment practice for an employer to fail or refuse to hire or to discharge any person, or otherwise to discriminate against any person with respect to his compensation, terms, conditions or privileges of employment, because of her sex.

51. HUMPHREY is female in gender.

52. PENNER and DAVIS are male in gender.

53. PENNER and DAVIS made unwanted physical advances toward HUMPHREY. When PENNER and DAVIS made their advances toward HUMPHREY they were using their position and power with the CITY to coerce sexual favors in return for benefits or a lack of detriment to Plaintiff's terms, conditions, and privileges of employment with the CITY.

54. PENNER and DAVIS also engaged in verbal and physical harassment of HUMPHREY that impacted the terms and conditions of her employment and created a hostile working environment for her at the CITY.

55. HUMPHREY suffered adverse employment action in the form of undesirable reassignments and failure to hire or promote as a result of PENNER's and DAVIS's harassment.

Jack E. Kennedy
& Associates, PC
425 West Plumb Lane
Reno, NV  89509
Tel.:  (775) 323-5225
Fax:  (775) 323-5666

8

S:\WP_WORK\071672\Federal Plds\COMPLAINT.City.final.doc

56. The CITY's policy with respect to reporting and remedying sexual harassment in the workplace is not reasonable and not reasonably designed to accomplish those purposes. The CITY ratified the conduct of PENNER and DAVIS by failing to take appropriate or fair remedial action upon learning of HUMPHREY's complaints.

57. HUMPHREY is informed and believes that her treatment is a part of a pattern and practice on the part of CITY management which creates an atmosphere of toleration of sexual harassment and of abuse by management of subordinates in the workplace. HUMPHREY is informed and believes that discovery will reveal the mentality of management with respect to complaints of discrimination and training to prevent discrimination in the workplace is a litigation-oriented approach as opposed to a proactive remedial and prospective educational approach. HUMPHREY intends to utilize this pattern and practice evidence to demonstrate intent, modus operandi, ratification, and to defeat any affirmative defense with respect to reporting policies.

58. The CITY is liable for the sexual harassment committed by its management employees, PENNER and DAVIS.

59. As a result of such sexual harassment, HUMPHREY has suffered damages in excess of $100,000.

**SECOND CLAIM FOR RELIEF**

**RETALIATION IN VIOLATION OF 42 USC § 2000e-2**

60. HUMPHREY hereby incorporates by reference all preceding paragraphs of the Complaint as though fully set forth herein.

61. 42 USC § 2000e-2 : It shall be an unlawful employment practice for an employer to discriminate against any of his employees because she has opposed any practice made an unlawful employment practice by 42 USCS §§ 2000e-2000e-17, or because she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under 42 USCS §§ 2000e-2000e-17.

Jack E. Kennedy
& Associates, PC
425 West Plumb Lane
Reno, NV 89509
Tel.: (775) 323-5225
Fax: (775) 323-5666

62. When HUMPHREY reported the harassment by PENNER and DAVIS to Lefebvre, Maintenance Supervisor she was opposing a practice made unlawful within the meaning of 42 USC § 2000e-2.

63. HUMPHREY suffered additional adverse employment action in the form of oppressive supervision and undesirable reassignments as a result of her opposition to PENNER's and DAVIS's unlawful practices.

64. As a result of such retaliation HUMPHREY has suffered damages in excess of $100,000.

### THIRD CLAIM FOR RELIEF

### DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. 1983.

65. HUMPHREY hereby incorporates by reference all preceding paragraphs of the Complaint as though fully set forth herein.

66. The CITY, through its management employees PENNER and DAVIS as described above, acting under color of law, intentional subjected HUMPHREY to deprivation, infringement and abridgement of rights and privileges and immunities secured by the Constitution of the United States, including the right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and the right to be free from nonconsensual violation of intimate bodily integrity guaranteed by the Fourteenth Amendment to the United States Constitution.

67. The CITY has maintained and fostered a custom, policy and practice of discrimination and harassment and has committed the acts alleged herein pursuant to this custom, policy and practice.

68. The CITY committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring HUMPHREY, from an improper and evil motive amounting to malice, and in conscious disregard of HUMPHREY's rights.

/ / / /

Jack E. Kennedy
& Associates, PC
425 West Plumb Lane
Reno, NV  89509
Tel.: (775) 323-5225
Fax: (775) 323-5666

10

S:\WP_WORK\071672\Federal Plds\COMPLAINT.City.final.doc

69. As a direct and proximate result of the aforementioned acts, HUMPHREY suffered physical injury and loss of salary and employment-related benefits. HUMPHREY continues to suffer those losses and expects to continue to suffer those losses until remedied through this action. HUMPHREY has also suffered extreme humiliation, mental anguish, and emotional and physical distress, all of which caused and continue to cause great physical and emotional pain and suffering.

## FOURTH CLAIM FOR RELIEF

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

70. HUMPHREY hereby incorporates by reference all preceding paragraphs of the Complaint as though fully set forth herein.

71. The CITY's conduct in ratifying PENNER's and DAVIS' conduct in coercing HUMPHREY into sexual contact as a condition to her employment, and which resulted in her contracting an incurable sexually transmitted disease, isolating her and putting her in apprehension of further offensive and harmful contact, is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable.

72. HUMPHREY has suffered emotional distress from the CITY's conduct which has made her ill and unable to work, and which has caused her to seek treatment from a physician.

73. As a result of such emotional distress, HUMPHREY has suffered damages in excess of $100,000.

## FIFTH CLAIM FOR RELIEF

## NEGLIGENT HIRING AND RETENTION

74. HUMPHREY hereby incorporates by reference all preceding paragraphs of the Complaint as though fully set forth herein.

75. An employer has a general duty to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position.

Jack E. Kennedy
& Associates, PC
425 West Plumb Lane
Reno, NV 89509
Tel.: (775) 323-5225
Fax: (775) 323-5666

11

S:\WP_WORK\071672\Federal Plds\COMPLAINT.City.final.doc

76. Before being hired by the CITY, PENNER had approached subordinate female employees of the State of Nevada and told them they had to submit to his sexual advances in order to retain their jobs or to get a promotion. PENNER had been convicted of battery and disturbing the peace in connection with one such incident, which conviction is a matter of public record.

77. The CITY negligently breached its duty to HUMPHREY when it failed to adequately and reasonably check the backgrounds of PENNER which would have revealed his prior criminal and sexually harassing conduct.

78. The CITY further negligently breached its duty to HUMPHREY when it retained PENNER as an employee and placed him in a management position over subordinate female employees when it knew or should have known of his unfitness for duty prior to his harassment of HUMPHREY based upon his prior conduct and convictions.

79. The CITY further negligently breached its duty to HUMPHREY when it retained PENNER as an employee following HUMPHREY's complaint and actual notice of PENNER's prior harassment of female employees.

80. The CITY was further negligent in the hiring and retention of DAVIS in a management position, thus exposing other females to his abuses.

81. The CITY further negligently failed to properly educate and train employees and update its' discrimination policies.

82. As a result of the CITY's negligence, HUMPHREY has suffered damages in excess of $100,000.

**SIXTH CLAIM FOR RELIEF**

**NEGLIGENT SUPERVISION**

83. HUMPHREY hereby incorporates by reference all preceding paragraphs of the Complaint as though fully set forth herein.

84. DAVIS and PENNER presented a risk of harm to others because of their sexually predatory behavior and their disregard for the civil rights of women.

Jack E. Kennedy & Associates, PC
425 West Plumb Lane
Reno, NV 89509
Tel.: (775) 323-5225
Fax: (775) 323-5666

S:\WP_WORK\071672\Federal Plds\COMPLAINT.City.final.doc

85. The CITY knew, or in the exercise of reasonable care, should have known that DAVIS and PENNER presented such a risk.

86. The CITY's negligent failure to adequately supervise DAVIS and PENNER is a proximate cause of HUMPHREY's injuries.

87. As a result of the CITY's negligence, HUMPHREY has suffered damages in excess of $100,000.

## JURY DEMAND

Pursuant to Fed.R.Civ.P. 38(b), IRENE HUMPHREY demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHERFORE, Plaintiff prays for relief as follows:

1. Judgment against the Defendants;
2. Damages in excess of $100,000 per claim;
3. An award of punitive and exemplary damages where allowed;
4. An award of reasonable attorney's fees and costs;
5. Prejudgment and post judgment interest;
6. Such other and further relief as the Court finds just and proper.

DATED the _____ day of November, 2007.

JACK E. KENNEDY & ASSOCIATES, P.C.
Attorneys for Plaintiff Humphrey


By:_____/s/_____
JACK E. KENNEDY, ESQ., #2127
CHRISTOPHER D. PHIPPS, ESQ. #3788
425 West Plumb Lane
Reno, Nevada  89509
Tel.: (775) 323-5225
Fax: (775) 323-5666

Jack E. Kennedy & Associates, PC
425 West Plumb Lane
Reno, NV  89509
Tel.: (775) 323-5225
Fax: (775) 323-5666

13

S:\WP_WORK\071672\Federal Plds\COMPLAINT.City.final.doc